
# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## OMAR AHMAD v. EZAD AHMAD

### Appeal from the Probate Court for Madison County
### No. 14-16049          Christy R. Little, Judge

_____

### No. W2015-02148-COA-R3-CV

_____

Because the order appealed does not comply with Rule 58 of the Tennessee Rules of Civil Procedure, the order is not a final judgment. Consequently, this Court lacks jurisdiction and this matter must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J.

Gordon Wallace Sherrod, III, Henderson, Tennessee, for the appellant, Omar Ahmad.

Joseph Tilton Howell, Jackson, Tennessee, for the appellees, Ezad Ahmad.

Joshua Brian Dougan, Guardian ad litem, Jackson, Tennessee.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, the order of the trial court appealed in this matter fails to comply with Rule 58 of the Tennessee Rules of Civil Procedure.

Rule 58 provides that an order of final disposition is effective when the judgment is marked on its face with one of the following:

> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

TENN. R. CIV. P. 58. In this matter, the order is signed by Appellee's counsel, but is not signed by Appellant's counsel or the Guardian ad Litem. Moreover, there is no certificate of service indicating that a copy of the order was served upon Appellant's counsel and the Guardian ad Litem.

Consequently, the Court entered an Order on April 21, 2016, directing Appellant to obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Then, on April 22, 2016, the Court directed the Clerk of this Court to return the appellate record to the trial court clerk, because the trial court clerk had prematurely transmitted the appellate record to the Clerk of this Court. The Court then entered an Order on April 27, 2016, directing Appellant to obtain entry of a final judgment in the trial court before the appellate record was again transmitted to the Clerk of this Court. Also, our Order directed the trial court clerk to include the final judgment in the appellate record for this matter.

On January 27, 2017, the trial court clerk filed an affidavit in this matter, stating that the trial court had conducted a hearing on June 23, 2016, and among other things, ordered that the parties execute a final order. The trial court clerk further stated in her affidavit that, as of that date, no further orders had been entered in that matter.

Because the order appealed does not comply with Rule 58, there is no final judgment and the order is "ineffective as the basis for any action for which a final judgment is a condition precedent." *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009) (quoting *Citizens Bank of Blount Cnty. v. Myers*, No. 03A01-911 1 -CH-422, 1992 WL 60883, at *3 (Tenn. Ct.

App. Mar. 30, 1992)).

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Omar Ahmad, and the surety for which execution may issue if necessary.

**PER CURIAM**